### McNEELEY, Respondent, v. HUNTON, Appellant.

1. *Held*, in a suit brought by A. against B. for wrongfully seizing and selling under an execution against C. certain horses alleged to have belonged to plaintiff as having been purchased for her by C. as her agent, that declarations made by C. in making the purchases to the effect that he was purchasing the horses for himself were admissible in evidence, together with evidence of the insolvency of C. at the time of said purchases, to show that the alleged agency was but a cloak to cover the fraud of C.

*Appeal from Benton Circuit Court.*

*Wright*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

The witness Whitlow was properly directed not to answer the question put to him respecting what he had heard Burnes say, as it does not appear that any ground had been laid for such an inquiry in the previous examination of Burnes, who should first

McNeeley v. Hunton.

have been asked the question whether he did not make the de-
claration that he was purchasing horses for the government
agent.   We do not see on what ground the court refused to
let the witness Dozier answer the question whether one of the
six horses was not purchased by Burnes on a credit, who gave
his note for it, with Dozier as security.   Surely it could not
have been on the ground that it did not appear that the horse,
about which the inquiry was made, was one of the three claimed
by the plaintiff.   As the plaintiff maintained on the one hand
that Burnes was her agent, and as on the other this was denied,
and it was insisted that she was a mere screen to hide the fraud
of Burnes, she could not assume that the property was hers,
and that therefore the declarations of others should not affect
her rights.   This would be taking the matter in controversy
for granted.   The purchase of the whole number of horses, so
far as the question of fraud was concerned, must be regarded
as a single transaction, and whether Burnes was acting for the
plaintiff in good faith, or was using her name in making his
purchases as a cloak to his fraud, should have been submitted
to the jury with all attending circumstances and declarations
calculated to throw any light upon the questions.   The decla-
rations of Burnes, while acting as agent, were, as part of the
*res gestæ*, evidence against the plaintiff.   In ferretting out
fraud, great captiousness against evidence, on the ground of
its irrelevancy merely, is a suspicious circumstance, and indu-
ces the thought that such a spirit is manifested from a fear
that the evidence may elicit the truth.   If a suitor's conduct
has been fair, he will not dread an investigation of it.   The
pretence of saving the time of the court is but a weak apology
for such a course, as it is well known that when this captious-
ness is displayed more time is consumed in arguing questions
of evidence than would be spent in hearing the matter alleged
to be irrelevancy.   If the evidence is merely irrelevant, it can
not possibly do any harm to the party against whom it is offered.
In relation to this subject, we refer to what was said in the
case of Lane v. Kingsbury, 11 Mo. 410.

We see no ground for refusing evidence as to the insolvency of Burnes at the time he was employed in purchasing the horses. Such evidence furnished proof of a motive for fraudulent conduct on his part, and, with other circumstances, would have its weight. The defendant could surely have shown collusion between the plaintiff and Burnes, and that the money used by him was his own. Those points were not raised, but they are now noticed, because, for other reasons, the judgment will be reversed and the cause remanded for a new trial.

For reasons before given, the evidence of the witness McDonald should have been admitted. It relates to what was said and done by Burnes during his agency for the purchase of the horses. It was primary evidence, and there was no necessity for laying any foundation for its admission.

From what has been said, it will be seen that the testimony of other witnesses was properly excluded, because no previous foundation had been laid for contradicting the witness Burnes. After Burnes had ceased to act for the plaintiff, his declarations and conduct could not affect her rights. Judge Ryland concurring, reversed and remanded.